IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Dakim Harris Joiner, ) | C/A No.: 1:13-2507-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Department of Public Safety, et al.; ) | REPORT AND RECOMMENDATION |
| Piedmont Correctional Institution, et al.; ) | |
| Jennifer Harris, RN, NCI; and Correct ) | |
| Care Solution, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Raymond Dakim Harris Joiner, a North Carolina state prisoner proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Department of Public Safety ("DPS"), the Piedmont Correctional Institution ("PCI"), Jennifer Harris, RN, NCI ("Nurse Harris"), and Correct Care Solution ("CCS") (collectively "Defendants") violated his constitutional rights under the Fourth and Fourteenth Amendments. [Entry #1 at 3]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge transfer this case to the United States District Court for the Middle District of North Carolina.

I.    Factual and Procedural Background

Plaintiff claims that Nurse Harris, a nurse at PCI in Salisbury, North Carolina, forced him to take tuberculosis and urine tests without written consent in July 2013. [Entry #1 at 3]. He also alleges a failure by Defendants to file uniform commercial code forms on his behalf. *Id.* at 3. Plaintiff identifies all Defendants as being located in North Carolina. *Id.* at 2. He seeks monetary damages and injunctive relief. *Id.* at 5.

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94

2

(2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Such a civil action may be brought in a judicial district where any defendant resides "if all defendants are residents of the State in which the district is located," or the judicial district in which "a substantial part of the events or omissions giving rise to the claims occurred." 28 U.S.C. § 1391(b)(1)(2).

In this case, Plaintiff alleges constitutional violations at a North Carolina prison by Defendants who are purportedly North Carolina state actors. [Entry #1 at 2–3]. Thus, venue under § 1391 is not appropriate in the District of South Carolina, which has no connection to Plaintiff's claims or to Defendants. Rather, the appropriate venue in this

case appears to be the United States District Court for the Middle District of North Carolina, which is the judicial district in which the events giving rise to the claim allegedly occurred, and in which three of the four named Defendants are located.[1]

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." Additionally, a district court has the power to dismiss an action, or if it is in the interest of justice, transfer an action if venue is improper in the transferor court. *See* 28 U.S.C. § 1406(a). A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a), *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976), and questions regarding transfer are committed to the sound discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

As indicated above, venue in this district is improper; however, the instant case could have been brought in the Middle District of North Carolina, where most of Defendants are located, where the acts giving rise to this case allegedly occurred, and where records and other evidence relevant to this action are presumably maintained. *See* 28 U.S.C. § 1391. Therefore, in the interest of justice, the undersigned recommends transfer of this case to the Middle District of North Carolina.

III.    Conclusion and Recommendation

---

[1] The service address for Defendants PCI, Nurse Harris, and CCS is listed as 1245 Camp Road, Salisbury, North Carolina. [Entry #1 at 2]. DPS is purportedly located at 831 W. Morgan Street, Raleigh, North Carolina. *Id.*

For the foregoing reasons, it is recommended that this case be transferred to the United States District Court for the Middle District of North Carolina.

IT IS SO RECOMMENDED.

September 25, 2013                                    Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).